ELIZA A. SKOLFIELD *vs.* EBEN H. SKOLFIELD.

SAME *vs.* WILLIAM S. ROBERTSON.

Franklin.     Opinion January 10, 1896.

*Dower. Assignment. R: S., c. 103, § 3.*

Where dower is assigned by the sheriff under a writ of seizin of dower, it must be from each separate parcel; and of such portion of each as will produce one-third of the net income of the whole.

Where an assignment of dower appears, by the assignment and officer's return, to have been made from five only out of eleven parcels, *held;* that such an assignment, when made upon a writ of seizin, is not warranted by law.

A widow's dower should be set out definitely, by metes and bounds when practicable, so that she can occupy her own without further proceedings. *Thus,* where there is set out one-third part of a described parcel of land " measured from the North side, and one-third part of the building standing thereon, measured from the North end," *held;* that it was not set out by metes and bounds, nor specifically as one-third of the rents and profits.

Where dower is attached to and assigned from a single parcel of land, and has been set out by a sufficiently accurate description " as and for her dower," *held;* that the assignment is sufficient.

ON EXCEPTIONS.

*J. C. Holman*, for plaintiff.

*H. L. Whitcomb*, for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, STROUT, JJ.

STROUT, J. Two cases argued together. The first was an action of dower, in which demandant had judgment for dower in eleven several parcels of land. Where dower is assigned by the sheriff under a writ of seizin of dower, it must be from each separate parcel, and of such portion of each as will produce one-third of the net income of the whole. *Leonard* v. *Leonard,* 4 Mass. 533. Such assignment is "according to common right." The heir may assign one manor in lieu of a third of three manors, which will be good, if accepted by the widow. And this is called an assignment "against common right." *French* v. *Pratt*, 27 Maine, 393 ; *Boyd* v. *Carlton*, 69 Maine, 203. It should be set out by metes and bounds, when practicable, so that the widow may occupy in severalty. When this cannot conveniently be done, it must be assigned in a special manner, as of a third part of the rents and profits. R. S., c. 103, § 3.

The assignment here appears to have been made from five only of the eleven parcels. It is said in argument, that the writ described the defendant's real estate from the different deeds by which it was conveyed to him, and that one parcel in fact may thus appear to be several, and that the assignment ignored this description and set out the dower from each separate tract, although such tract might have been conveyed in several deeds, and appear in the writ as distinct parcels. This may be so, but the assignment and officer's return does not disclose it, as it should, if true.

We must take the assignment as it appears. From that it is shown that there were eleven parcels of land, and that dower was assigned from five parcels only, as and for her dower in all the lands. Such assignment, when made upon a writ of seizin, is not warranted by law.

In one of the assignments there is set out in terms one-third part of a described parcel of land, "measured from the North side, and one-third part of the building standing thereon, measured from the North end." It is not set out by metes and bounds, nor specially as of one-third of the rents and profits. It left the widow to ascertain as best she could, the boundaries of her third part, which would require a survey to accomplish.

Such assignment is invalid. A widow's dower should be set out definitely, so that she can occupy her own without any further proceeding. These irregularities can be corrected on a new assignment.

Other objections are made, but they need not be noticed, as the defects referred to are fatal.

In the suit against Robertson, dower attached to and was assigned from a single parcel of land. It was set out by a sufficiently accurate description, "as and for her dower" therein. It is objected that the return does not show that the part set out would produce one-third the net income of the whole parcel. But the term dower is one very well understood by laymen; and when the appraisers set out a part of the tract, as and for dower, the necessary implication follows, that they adjudged it would produce one-third of the income of the whole lot subject to dower. The assignment in this case is sufficient.

The entry in *Skolfield* v. *Skolfield*, will be,

*Exceptions sustained.*

And in *Skolfield* v. *Robertson*,

*Exceptions overruled.*